Howrt, J.,
dissenting:
The respect which a coordinate branch of the Government owes to another forbids the reflection of any improper motive *43 in plaintiff’s removal, but in the means taken to secure it and. the manner of its accomplishment rather does it seem that, while selecting a more suitable person to fill plaintiff’s place, the action of the President has been for the purpose of putting to the test his right to make the removal, the same as in the case of others holding' office at his pleasure.
That it is competent for Congress to limit the Presidential power of removal seems well enough settled to assume such right.. The power of _ removal as incident to the power of appointment is considered by the Supreme Court to be a sound and necessary rule, in the absence of all constitutional provision or statutory :regulation. (In re Hennen, 13 Pet., 249.)
The assignment of a four-years’ term under section 769 of the Revised Statutes did not sustain a claim for an absolute right to hold the full four years. (Parsons v. United States, 30 C. Cls. R., 245; 167 U. S. R., 343.) While the commission was made to expire at the end of four years, the provision of the law did not cut off the President’s power of removal during the term at his pleasure.
All that we may extract from the Parsons case is the question of the true construction of the language of the law under which Parsons was appointed. The customs administrative act of 1890 is the will of Congress of a totally different kind. The function intended for it to perform circumscribes power to remove to those things only which may be assigned.
Assuming that Congress can limit the power of removal, I think it should affirmatively appear here that some one at. least of the three conditions named in the act under which plaintiff held had arisen when plaintiff was removed. Otherwise his displacement must be treated as one made at pleasure. If any reason existed it could be easily assigned; if not assigned, the removal is arbitrary, pure and simple. In such case the statute is useless; it means nothing.
Without the assignment of a cause, or the necessity to assign any, the dismissed official is left in doubt how or in what manner he has disqualified himself. He goes out not only with a. stigma upon his official conduct, but understanding that he has committed a wrong of some kind. This is unjust, against the spirit of our institutions in depriving him of the nature of *44 the accusation against Mm and of any chance to explain, and in effect puts such an official under duress upon any call for his resignation. Thus the' will of the legislative is displaced for the will of the executive branch of the Government. I ■ can not accept any such result until the court of last resort shall so determine.
It is true that under the act it is for the President alone to determine which of the specified causes furnishes the basis of removal and that no method of procedure for that purpose is prescribed in the statute. So much the greater reason for the precedents of the common law to be followed, or some mode of procedure adopted consistent with the public interests and the terms of the law which shall give the discharged official the privileges of the common malefactor.
The presumption that the President is guided by the statute in making the removal is merely the presumption that the king can do no wrong. This presumption has no such place under our institutions, and should not prevail against the presumption of innocence which attaches to the humbler citizen holding the subordinate office against the assertion of the authority of the more eminent citizen exercising the functions of the greater place.